IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PUNALERO DANCINGBUCK,

    Plaintiff,

v.                                       Civil Action No. 3:17CV660

WILLIAM R. HANEY, et al.,

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on June 5, 2018, the Court dismissed Punalero Dancingbuck's action filed pursuant to 42 U.S.C. § 1983 because he failed to file a particularized complaint within the fourteen (14) days allotted by the Court. (ECF Nos. 16, 17.)

On August 28, 2018, the Court received from Dancingbuck a "Motion for relief from judgment ex parte, and order DOJ investigation," that the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 60(b). ("Rule 60(b) Motion," ECF No. 22); see In re Burnley, 988 F.2d 1, 3 (4th Cir. 1993).

Rule 60(b) constitutes an extraordinary remedy requiring a showing of extraordinary circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). A party seeking relief under Federal Rule of Civil Procedure 60(b)

must make a threshold showing of "timeliness, a meritorious defense [or claim], a lack of unfair prejudice to the opposing party, and exceptional circumstances." Id. at 48 (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)," id. (citing Werner, 731 F.2d at 207), which are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. 60(b).

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds much be clearly substantiated by adequate proof." In re Burnley, 988 F.3d at 3 (citations omitted) (internal quotation marks omitted). Here, Dancingbuck "requests this case stay in your Court" because

> Your first order and memorandum was not received and/or served on plaintiff, you signed 04.30.18 and your clerk mailed same time Sussex II on lock; Your second order and memorandum was received and/or served on plaintiff duly on 06.07.18 @ 1319 hours, ordering filing proper complaint with service of process also documenting plaintiff rambling initial filing . . .

2

(Rule 60(b) Mot. 1.) Dancingbuck then indicates that, instead of filing a particularized complaint, or seeking relief from the judgment entered on June 5, 2018, he then wrote to various attorneys who he never heard back from. Dancingbuck fails to meet the threshold requirement of Rule 60(b) that requires assertion of a meritorious claim or extraordinary circumstances. See Dowell, F.2d at 48; Square Constr. Co. v. Wash. Metro Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981) ("As a threshold matter, the movant must demonstrate the existence of a meritorious claim or defense." (citing Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979))). In his fifty-six-page Complaint, Dancingbuck named countless defendants who appear to have been involved in his state criminal proceedings or in some fanciful conspiracy surrounding his conviction and in his Rule 60(b) Motion he repeats a portion of these allegations and complains about his medications being increased at the VDOC. (Rule 60(b) 1.) Dancingbuck fails to assert the existence of a meritorious claim or defense. Square Constr. Co., 657 F.2d at 71.

Moreover, relief under Rule 60(b) is an "extraordinary" remedy "and is only to be invoked upon a showing of exceptional circumstances." Compton, 608 F.2d at 102 (citations omitted). Dancingbuck fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of

3

this action. Dancingbuck's complaint was dismissed without prejudice. He remains free to file a new complaint that will be treated as a new civil action.

Accordingly, Dancingbuck's Rule 60(b) Motion (ECF No. 1) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Dancingbuck.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 18, 2018

4